# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CRAIG RANDALL CLARK,**

           **Plaintiff,**

      v.                                     CASE NO. 16-3122-SAC-DJW

**SARA M. REVELL, et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action. Plaintiff commenced this action while he was a prisoner in federal custody. By an order entered on May 10, 2017, the Court directed him to clarify whether he completed the administrative remedy process. Plaintiff filed a timely response, and the Court enters the following findings and order.

### Discussion

    Under the Prison Litigation Reform Act, a prisoner must complete the available administrative remedy procedure before commencing a federal lawsuit. 42 U.S.C. § 1997e(a). In order to satisfy this exhaustion requirement, a prisoner must "use[] all steps that the agency holds out" in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)(internal quotations omitted). A prisoner "who begins the grievance process but does not complete it is barred from pursuing a … claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

    As explained in the order of May 10, 2017, a federal prisoner completes the grievance process by first seeking the informal resolution of a grievance and then by pursuing a three-tiered formal

grievance procedure by presenting the claims to the Warden, the Regional Director of the Bureau of Prisons ("BOP"), and the General Counsel of the BOP. *See* 28 C.F.R. §§ 542.13-.15.

As described in the Court's earlier order, the plaintiff's grievance filed with the General Counsel was rejected due to his failure to provide a copy of the Warden's response, and he was advised that he could resubmit the appeal within fifteen days. This rejection rests on a procedural defect, and plaintiff has not shown that he corrected it, allowing the General Counsel to address his claims on their merits. The Court finds plaintiff failed to complete the administrative remedy procedure and concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

**IT IS SO ORDERED.**

DATED: This 21st day of June, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge